## THE STATE *v.* BALSLEY.

[No. 19,831. Filed November 7, 1902.]

CRIMINAL LAW.—*Larceny.—Embezzlement.—Joinder of Offenses in Indictment.—New Trial.—Former Jeopardy.*—Where defendant is convicted for larceny, under an indictment in two counts, one charging larceny and the other embezzlement, but both growing out of the same transaction, the granting of a new trial upon defendant's motion opens the case for retrial upon the count on which he was acquitted as well as the one on which he was convicted.

From Jackson Circuit Court; *T. B. Buskirk,* Judge.

Joseph D. Balsley was convicted of larceny, but new trial granted. From a judgment overruling a demurrer to a plea in abatement, the State appeals. *Reversed.*

*W. L. Taylor,* Attorney-General, *S. M. Hudson, T. M. Honan, J. H. Shea* and *C. E. Wood* for State.

DOWLING, C. J.—An indictment was returned by the grand jury of Jackson county against the appellee, charging him in one count with the felony of having on the 11th day of April, 1901, embezzled the sum of $90.80 in money, the property of the Singer Manufacturing Company, in his possession and under his control as the agent of that company, and, in another count, with having on the same day feloniously stolen, taken, and carried away the sum of $90.80, the property of said Singer Manufacturing Company.

The appellee pleaded not guilty, and upon a trial by a jury he was found guilty of grand larceny; the verdict being silent as to the charge of embezzlement. Afterwards, upon his motion, a new trial was granted him. He thereupon filed a plea in abatement as to the first count of the indictment, setting up the former trial, and alleging that by its verdict of guilty on the second count of the indictment, the jury had found him not guilty of the felony charged in the first, and that he had therefore been once in jeopardy upon said first count. The court overruled a demurrer to this plea, the prosecuting attorney dismissed the action as to the second count, and the appellee was discharged. The State appeals, and assigns as error the ruling on the demurrer to the plea in abatement.

The statute provides in so many words that a felony may be charged in separate counts in the indictment to have been committed by different means. §1813 Burns 1901, §1744 R. S. 1881 and Horner 1901. The statute expressly authorizes the joinder in the same indictment of separate counts for larceny and embezzlement. §1817 Burns 1901, §1748 R. S. 1881 and Horner 1901. And in giving a construction to these sections this court has held that larceny and embezzlement may be joined in separate counts of the indictment. *Griffith* v. *State,* 36 Ind. 406.

It is said in *Engleman* v. *State,* 2 Ind. 91, 94, 52 Am. Dec. 494, that "It is proper to insert several counts in an indictment, charging the same transaction, though amounting to a felony, in different modes, in order to meet the proofs in the case; *and if it do not appear that different transactions or felonies are charged,* the indictment should not be quashed for this cause." (Our italics.)

In the indictment before us, the felonies charged are such as may properly be joined in separate counts. The felonies so charged do not appear to have been distinct or different transactions, but from the identity of date, the place where the felony is alleged to have been committed,

the description of the property taken, and its ownership, there is every reason to infer that a single transaction is described in both counts. The method of pleading in criminal cases is said to be "but the exercise of a prudent foresight in anticipation of a possible variance in the evidence from the allegations of the indictment." *Griffith* v. *State,* 36 Ind. 406, 407.

The rights of the defendant and the State upon a new trial are clearly defined by statute: "A new trial is a reëxamination of the issues in the same court. The granting of a new trial places the parties in the same position as if no trial had been had; the former verdict cannot be used or referred to, either in the evidence or argument." §§1909, 1910 Burns 1901, §§1840, 1841 R. S. 1881 and Horner 1901.

It is entirely clear that when the appellee asked for and obtained a new trial of the issues in his case, the results of the previous trial were wholly vacated. He could not, under the indictment, take a new trial as to the issue upon one count, and not upon the other. If he obtained a new trial, he was bound to take it upon the terms and conditions of the statute, and one of those conditions was that "the parties should be placed in the same position as if no trial had been had." This point has been decided in many cases in this State, and must be considered as settled. *Morris* v. *State,* 1 Blackf. 37; *Joy* v. *State,* 14 Ind. 139, 152; *Ex parte Bradley,* 48 Ind. 548; *Mills* v. *State,* 52 Ind. 187; *Veatch* v. *State,* 60 Ind. 291; *Patterson* v. *State,* 70 Ind. 341.

"Where an indictment is for but one offense, though charged in several counts in different ways, and the defendant is convicted upon some of the counts and acquitted upon others, the granting of a new trial upon his motion opens the case for retrial upon the counts on which he was acquitted as well as those on which he was convicted. *Brown* v. *United States,* 2 Ind. Ter. 582, 52 S. W. 56;

*Lesslie* v. *State,* 18 Ohio St. 391; *Jarvis* v. *State,* 19 Ohio St. 585." 17 Am. & Eng. Ency. Law (2d ed.), 608, note 4.

In *Clem* v. *State,* 42 Ind. 420, 425, 13 Am. Rep. 369, the plea in abatement was upon another indictment, and averred not only a former trial for the offense charged in the second indictment and a verdict of guilty, but a final judgment on the verdict. Nothing in the plea indicated that a new trial had been asked for or granted, or that the judgment had been vacated or set aside at the request of the defendant.

The granting of a new trial on appellee's motion left him and the State in the same position as to the whole indictment and each count of it, as if no trial had taken place, and his plea disclosed that he had waived his constitutional right to assert that he had once been in jeopardy. *Ex parte Bradley,* 48 Ind. 548, 552, and cases cited.

The demurrer to the plea should have been sustained. Judgment reversed, with instructions to the court to sustain the demurrer to the plea in abatement, and for further proceedings not inconsistent herewith.