HINSHAW v. STATE OF INDIANA.

[No. 23,168.   Filed October 7, 1919.]

1. BANKS AND BANKING.—Indictment.—Overdraft by Banker.—Facts and Conclusions.—In an indictment, under §2295 Burns 1914, Acts 1905 p. 584, allegations that on a certain date the accused was president and director of a certain incorporated bank, doing business in a named county of the state, and that he did then and there feloniously, unlawfully and knowingly overdraw his account in such bank, are not conclusions, but statements of the material facts necessary to constitute the offense defined in the first clause of such section.   p. 452.

2. BANKS AND BANKING.—Indictment.—Charging Officer Having No Credit with Drawing Check.—The statement in an indictment of a bank official for drawing and receiving a check in violation of §2295 Burns 1914, Acts 1905 p. 584, that the defendant "knew at the time that he had no funds to his credit" was sufficient to charge that the defendant had no funds to his credit therein and knew that he had none.   p. 452.

3. INDICTMENT AND INFORMATION.—Sufficiency.—An indictment charging an offense with such degree of certainty that the court can pronounce judgment thereon according to the right of the case is sufficient.   p. 453.

4. INDICTMENT AND INFORMATION.—*Charging Statutory Offense.* —*Sufficiency.*—An indictment based on a statute must, with certainty and precision, charge the defendant with having committed or omitted the acts, under the circumstances, and with the intent, mentioned in the statute. p. 453.

5. INDICTMENT AND INFORMATION.—*Description of Money.*— *Sufficiency.*—In a prosecution of a bank official for a violation of §2295 Burns 1914, Acts 1905 p. 584, the description of money called for in a check described in the indictment as "Three Thousand ($3,000) Dollars lawful and current money of the United States," was sufficient, in view of §2058 Burns 1914, Acts 1905 p. 584. p. 455.

6. INDICTMENT AND INFORMATION.—*Motions to Make More Specific.*—Motions requiring the state. to make indictments or affidavits more specific, and to state facts necessary to sustain conclusions or recitals, are not recognized by the Criminal Code. p. 455.

7. INDICTMENT AND INFORMATION.—*Different Felonies of Same Class.*—*How Charged.*—Felonies of the same class should be charged in separate counts of an indictment. p. 455.

8. INDICTMENT AND INFORMATION.—*Several Counts Based on Same Felony.*—*Election.*—Where several counts of an indictment based on the same alleged felony are inserted to avoid the consequences of a possible variance, it is not error to overrule a motion requiring the prosecution to elect. p. 456.

9. INDICTMENT AND INFORMATION.—*Election Between Counts.*— *Discretion of Court.*—Whether prosecution should be required to elect between different counts of an indictment is largely within the court's discretion; and when it is not apparent on the face of an indictment that different and distinct offenses, which cannot be properly joined, are charged, election need not be required. p. 456.

10. INDICTMENT AND INFORMATION.—*Joinder of Cognate Offenses.*—*Rule.*—Any number of counts charging the same transaction as constituting different offenses may be joined, if the offenses are cognate or of the same nature, and the mode of trial is the same. p. 456.

11. CRIMINAL LAW.—*Appeal.*—*Review.*—*Ruling on Motion for Change of Venue.*—The ruling of the trial court on a motion for change of venue, as to the existence of excitement and prejudice, is a determination of an issue of fact and is conclusive on appeal. p. 457.

12. CRIMINAL LAW.—*Appeal.*—*Denial of Change of Venue.*— *Discretion of Court.*—It cannot be said that the trial court abused its discretion in denying a change of venue, based on the ground that publications had excited and prejudiced the people

against the defendant, where the record fails to show that copies of the publications, or the substance thereof, were presented to the trial court, the defendant stating only his opinion as to the effect thereof. p. 458.

13. CRIMINAL LAW. — *Appeal.* — *Instructions.*—*Presumptions.*—Since it is the duty of the court to instruct in writing when requested, the presumption on appeal is that the court did its duty, in the absence of a contrary showing. p. 458.

14. CRIMINAL LAW.—*Appeal.*—*Bill of Exceptions.*—*Certification.* —A bill of exceptions certified by the trial court imports absolute verity. p. 458.

15. CRIMINAL LAW.—*Instructions.*—*Duty of Jurors.*—An instruction making it the duty of each juror to consult and deliberate with his fellow jurors, and stating that if any juror, after considering all the evidence, the argument of counsel, the instructions of the court, and after having fully consulted and deliberated with his fellow jurors, should be convinced beyond a reasonable doubt of the defendant's guilt as charged, it would be his duty to refrain from voting for an acquittal, or, if not so convinced, after having performed such duties, it would be his duty to refuse to vote for conviction, was not objectionable on the ground that it told each juror that, if, after deliberation, he once arrived at a conclusion of the defendant's guilt, it was his duty thereafter to refrain from voting for acquittal. p. 459.

16. CRIMINAL LAW.—*Instructions Considered as a Whole.*—*Reasonable Doubt.*—An instruction on the subject of reasonable doubt, though incomplete, was not erroneous, when considered with another instruction that fully stated the law on the subject. p. 460.

17. CRIMINAL LAW.—*Instructions.*—*Right of Jury to Determine Law.*—An instruction on the right of the jury to determine the law and its duty to consider instructions, is reviewed and *held* not objectionable as taking from the jury its freedom to judge the law, on the authority of *Blaker* v. *State*, 130 Ind. 203. p. 461.

18. BANKS AND ·BANKING.—*Officer Drawing Check Without Credit.*—The offense defined in §2295, cl. 2, Burns 1914, Acts 1905 p. 584, was complete, if an officer of a bank having no funds to his credit therein indorsed a check payable to himself, presented it to another institution and from it received payment or credit thereon. p. 461.

19. BANKS AND BANKING.—*Official Drawing Check Without Credit.*—*Sufficiency of Evidence.*—*Criminal Law.*—In the prosecution of a bank official for drawing and receiving payment of a check in violation of §2295, cl. 2, Burns 1914, Acts 1905 p.

VOL. 188—29

584, the state, in order to convict, must prove that the defendant had *no funds* to his credit in the bank at the time of drawing and receiving payment on the check, and evidence failing to show when the check was drawn, or that at the time of receiving payment thereon the defendant had no funds to his credit in the bank, is insufficient to sustain a conviction.   p. 462.

From Hamilton Circuit Court; *Fred E. Hines*, Special Judge.

Prosecution by the State of Indiana against John L. Hinshaw.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Ira W. Christian, Floyd G. Christian, Ed V. Fitzpatrick, W. D. Fitzpatrick,* and *Ralph H. Waltz,* for appellant.

*Ele Stansbury,* Attorney-General, *U. S. Lesh, Edward M. White, Elmer E. Hastings* and *Dale F. Stansbury,* for the state.

WILLOUGHBY, J.—This is an appeal from a conviction in a criminal prosecution brought by indictment in two counts.   In the first count of said indictment the appellant was charged with feloniously, unlawfully and knowingly overdrawing his account in the People's State Bank of Arcadia, Indiana, while being then and there president and director of the said bank, contrary to §2295 Burns 1914, Acts 1905 p. 584, §402; and in the second count of said indictment the appellant was charged with feloniously, unlawfully and knowingly drawing and receiving payment of a check on said bank when the appellant knew at the time that he had no funds to his credit in said bank, and that at the time the appellant did not have the written consent thereto of the board of directors, manager or managers of said bank indorsed on said check, contrary to §2295 Burns 1914, *supra.*   The statute under which said indictment is found, §2295 Burns 1914, *supra,* reads as follows: "Whoever, being president, director, cashier, teller,

clerk, officer or employe of any incorporated bank, or of any firm, corporation, person or association doing a banking business, shall knowingly overdraw his account in such bank, or in such other institution doing a banking business, or who shall knowingly draw and receive payment on any check on such bank, firm, corporation, person or banking association when he has no funds to his credit therein without first procuring the written consent thereto of the board of directors of any such incorporated bank, or the manager, or managers of any such firm, corporation, person or association doing a banking business, indorsed on such check, shall be deemed guilty of a felony, and on conviction, shall be imprisoned in the state prison not less than two years nor more than fourteen years, and fined in double the sum so received."

Appellant in his brief setting out errors relied on for reversal enumerates forty-six alleged errors, but they may all be properly discussed under two heads, viz.: Overruling appellant's separate and several motion to quash each count of the indictment, and overruling appellant's motion for a new trial.

The defendant, in his motion to quash, attacks the sufficiency of the indictment and each count thereof, and says that the facts stated in the indictment, and each count thereof, separately, do not constitute a public offense. That the indictment, and each count thereof, contains matter which, if true, would constitute a legal justification of the offense charged and a legal bar to the prosecution, and that the indictment, and each count thereof, does not state the offense with sufficient certainty, and proceeds upon no definite theory.

It will be observed that §2295 Burns 1914, supra, defines two felonies. The first clause of said section provides that if the president, director, cashier, teller, clerk, officer or employe of any incorporated bank or of any

firm, corporation, person or association doing a banking business, shall knowingly overdraw his account in such bank, or in such other institution doing a banking business, he shall be deemed guilty of a felony. And in the second clause of said section it is provided that any such person who shall knowingly draw and receive payment on any check on such bank, firm, corporation, person or banking association, when he had no funds to his credit therein, without first procuring the written consent thereto of the board of directors of any such incorporated bank or the manager, or managers of any such firm, corporation, person or association doing a banking business, indorsed on such check. shall be deemed guilty of a felony.

In the first count of the indictment, after the formal parts, it alleges that the defendant, John L. Hinshaw, on or about March 10, 1914, at Hamilton county, in the State of Indiana, was then and there president and director of a certain incorporated bank doing a banking business in said Hamilton county, in the State of Indiana, to wit, People's State Bank, and did then and there feloniously, unlawfully and knowingly overdraw his account in said bank. This is a statement of every material fact necessary to constitute the felony defined in the first clause of said §2295 Burns 1914, supra, and the said allegations are statements of fact and not conclusions.

The second count, by allegations of fact, charges the defendant with the commission of every act constituting the commission of a felony as defined by the second clause of §2295 Burns 1914, supra. It is claimed by appellant that this count of indictment alleges that the defendant "knew at the time he had no funds to his credit in said bank," but that said count of said indictment does not say that he had no funds to his credit in said bank. We think the only reasonable con-

struction that can be put on the expression that "appellant knew at the time that he had no funds to his credit in said bank" is that he had no funds to his credit in said bank, and knew he had none. Said second count of the indictment also avers that, at the time, the said John L. Hinshaw did not have the written consent thereto of the board of directors, manager, or managers of the bank indorsed on said check.

It will thus be seen that the offense is set forth in substantially the language of the statute in each count of the indictment, and the charge in each count 3. is made in language clear and unequivocal. The indictment, and each count thereof, charges the offense with such degree of certainty that the court could pronounce judgment according to the right of the case, and is therefore sufficient. §2062 Burns 1914, Acts 1905 p. 584, §191. An indictment so framed as to inform the defendant of the charge which he is required to meet is sufficient. *Brunaugh* v. *State* (1909), 173 Ind. 483, 90 N. E. 1019.

In relation to offenses created by statute, the statute contains a definition of the offense. The offense consists in the commission of certain acts under 4. specified circumstances and, in some cases, with particular intent; and an indictment founded on the statute must, with certainty and precision, charge the defendant with having committed or omitted the acts, under the circumstances, and with the intent, mentioned in the statute. Archbold, Crim. Pl. (1st Am. ed.) 23; *State* v. *Stimson* (1853), 24 N. J. Law 1, 23.

The appellant contends that the same rules of pleading should apply in this case as are applicable in cases of embezzlement, and cites in support of such contention: *State* v. *Winstandley* (1899), 154 Ind. 443, 57 N. E. 109; *State* v. *Winstandley* (1900), 155 Ind. 290, 58 N. E. 71; *Sherrick* v. *State* (1906), 167 Ind. 345, 79

N. E. 193; *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353; *Wright* v. *State* (1907), 168 Ind. 643, 81 N. E. 660. These cases are not applicable, because they were prosecutions under statutes declaring the charged offense to be embezzlement.

The case of *Moore* v. *United States* (1895), 160 U. S. 268, 16 Sup. Ct. 294, 40 L. Ed. 422, was a prosecution for embezzlement, and in that case it was held that to make a good charge for embezzlement all the ingredients of fact that are elemental to the definition must be alleged, so as to bring the defendant clearly within the statute. If that can be done by simply following the words of the statute, that will do; if not, other allegations must be used. In the case of *United States* v. *Northway* (1886), 120 U. S. 327, 7 Sup. Ct. 580, 30 L. Ed. 664, it was held that the word "embezzle" was recognized as having a settled technical meaning of its own.

In the case of *State* v. *Winstandley* (154 Ind. 443), *supra,* it was held that the same rules of pleading applicable in the prosecution of an official for embezzlement are to be accepted in determining the sufficiency of an indictment against bank officials for receiving bank deposits when the bank is insolvent.

In *Hinshaw* v. *State* (1918), *ante* 147, 122 N. E. 418, the court, in commenting on §2294 Burns 1914, Acts 1907 p. 14, the section of statute upon which that prosecution was founded, said: "It will be noted that the legislature in defining the crime says that whoever takes a deposit under the conditions designated in the statute shall be deemed guilty of *'embezzlement.'* The judicial interpretation of this statute had been that the legislature intended that the requisites of pleading with reference to embezzlement were to be applied in determining the validity of indictments under this statute. It is fundamental that, in embezzlements, the *tak-*

*ing* and *receiving* part of the charge must be connected and coupled with the statement that such *taking* and *receiving* was by virtue of the office, or the agency, or the employment. These principles of pleading were well established before the act in question was passed by the legislature; and this particular act has been interpreted by this court. *State* v. *Winstandley* (1899), 154 Ind. 443, 57 N. E. 109; *State* v. *Winstandley* (1899), 155 Ind. 290, 58 N. E. 71; *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353; *Wright* v. *State* (1907), 168 Ind. 643, 81 N. E. 660."

In the present case the offense charged is not defined as embezzlement. Therefore said decisions cited by appellant can have no force in determining the sufficiency of the indictment. The description of the money called for in the check, described in the second count of the indictment as "Three Thousand ($3,000) Dollars lawful and current money of the United States," was a sufficient description of the money called for in said check. §2058 Burns 1914, Acts 1905 p. 584, §187. *Riggs* v. *State* (1885), 104 Ind. 261, 3 N. E. 886.

5.

The motions to require the state to make an indictment or affidavit more specific, and to state facts necessary to sustain conclusions or recitals in an indictment, are not recognized by the criminal laws and practice of this state. *Sherrick* v. *State, supra; Hinshaw* v. *State, supra.* Therefore no error was committed by the trial court in overruling such motions.

6.

The appellant contends that the court erred in overruling appellant's motion to require the state to elect as to which count of the indictment it would rely upon for conviction. We see no good reason for this contention. It is proper, where felonies be-

7.

long to the same class, to have separate counts
8. in the indictment covering each; and the statute
provides that a felony may be charged in sepa-
rate counts in the same indictment to have been com-
mitted by different means. *Griffith* v. *State* (1871), 36
Ind. 406; *State* v. *Balsley* (1902), 159 Ind. 395, 65 N. E.
185. Where, in an indictment of more than one count,
the several counts are evidently based on the same al-
leged felony and inserted to avoid the consequences of a
possible variance, it is not error to overrule a motion
to require the prosecuting attorney to elect on which
count he will try the defendant. *Wall* v. *State* (1875),
51 Ind. 453.

The question as to whether or not the prosecuting at-
torney should be required to elect and designate the
count of the indictment upon which he will pro-
9. ceed is a matter largely within the discretion of
the trial court, and when it is not apparent on
the face of the indictment that different and distinct
offenses, which cannot be properly joined, are charged,
election need not be required. *Glover* v. *State* (1887),
109 Ind. 391, 10 N. E. 282; *Joy* v. *State* (1860), 14 Ind.
139.

Any number of counts charging the same transaction
as constituting different offenses may be joined, pro-
vided the offenses charged are cognate or of the
10. same nature, and the mode of trial is the same,
but not otherwise. Any number of counts charg-
ing the same offense in different ways may be joined
in the same indictment in order to meet the evidence
and avoid a variance in proof, and the prosecutor can-
not be required to elect upon which count he will pro-
ceed. Clark, Crim. Proc. 286. The offenses charged
in the separate counts of this indictment belong to the
same class, and the prosecuting attorney was not re-
quired to elect upon which count he would proceed. *Joy*

v. *State, supra; Griffith* v. *State, supra; Wall* v. *State, supra; State* v. *Balsley, supra;* 17 C. J. 286, §3624. This is a case in which the same act is the foundation of the charge in each count of the indictment, and the court did not err in overruling the motion of appellant to require the state to elect upon which count of the indictment it would rely for conviction. *State* v. *Balsley, supra; Wall* v. *State, supra.*

The defendant filed a motion, verified by his affidavit, for a change of venue from Hamilton county on account of excitement and prejudice against him in that county. The state filed the counter-affidavits of nine persons who stated that they had a general acquaintance with the people, citizens and inhabitants of said county, through all parts of said county, and that there is no such excitement or prejudice in said county, or any part thereof, against said defendant as would prevent said defendant from receiving a fair trial of sa:d cause in Hamilton county, and specifically denied each statement of fact contained in defendant's affidavit. An issue of fact determined by the trial court upon conflicting affidavits is conclusive upon this court. *Conrad* v. *State* (1896), 144 Ind. 290, 43 N. E. 221, and cases there cited.

In defendant's affidavit and motion for a change of venue from the county he states that the Noblesville Daily Ledger, and the Hamilton County Times printed and published in the English language, in the city of Noblesville, Hamilton county, Indiana, and every newspaper of general circulation published in the English language in said Hamilton county, and read by a great majority of the citizens of Hamilton county, have published, from time to time, in said newspapers, statements and circumstances connected with the failure of the Hamilton Trust Company, Farmers' and Merchants' Bank of Cicero, and the People's State Bank of Arcadia,

all of said county, which were intended to and did inflame and excite the citizens of said county against the defendant and against his cause of defense in this action.

There is no copy of the publications complained of set forth in said affidavit. There was no attempt to state the substance of said publications in said 12. affidavit and, so far as the record shows, no copies thereof were furnished to enable the court to determine what the effect of such publications would likely be on the citizens of said county, and this court cannot say that the trial court abused its discretion in refusing to adopt the opinion of the defendant as to the effect of such publications. The record does not show any abuse of judicial discretion in overruling defendant's motion for a change of venue from the county. *Hinkle* v. *State* (1910), 174 Ind. 276, 91 N. E. 1090; *Leach* v. *State* (1911), 177 Ind. 234, 97 N. E. 792.

Appellant contends that the court erred in instructing the jury orally and also in reading from the statute as part of the instructions. The instructions are 13. brought into the record by bill of exceptions No. 1, and a careful examination of that bill of exceptions does not show the giving of any oral instructions, or reading from the statute book to 14. structions, or reading from the statute book to the jury, as part of the instructions. It shows a request for instructions in writing. It sets forth all the instructions given and those tendered by defendant and refused, and shows objections and exceptions, but does not show any oral instructions given, or statute, or statutes, read by the court to the jury as part of the instructions; and near the close of said bill of exceptions it says: "Said instructions as above stated to have been given were all that were given to the jury at the trial of said cause." It being the duty of the court to instruct in writing when so requested, and nothing appearing to the contrary, this court must presume that

the trial court did its duty. The bill of exceptions shows that no oral instructions were given, or statutes read, as part of the instructions. The bill of exceptions is certified by the trial court and imports absolute verity. *Vivian Collieries Co.* v. *Cahall* (1915), 184 Ind. 473, 110 N. E. 672.

Appellant contends that the court erred in giving of its own motion instruction No. 7, and in support of his contention sets out a part only of said instruction, and asserts that by said instruction the court, in effect, told each juror that if, after deliberation, he once arrived at a conclusion of the defendant's guilt, thereafter it was his duty to refrain from voting for an acquittal of the defendant.

Said instruction will not bear the construction so placed upon it by appellant. Said instruction reads as follows: "Each juror acts for himself in coming to a conclusion, and acts on his own conviction. If therefore, any juror in this cause, after considering all the evidence, the argument of counsel on both sides, and the instructions of the court, and then having consulted and deliberated with his fellow jurors, should yet not be convinced beyond a reasonable doubt of the defendant's guilt, it would be his duty to refuse to vote for a conviction. And on the other hand, if any juror, after considering all the evidence, the argument of counsel on both sides, the instructions of the court, and after having fully consulted and deliberated with his fellow jurors, should be convinced, by the evidence beyond a reasonable doubt, of the defendant's guilt as charged, it would be his duty to refrain from voting for an acquittal of the defendant. But it is the duty of each juror to consult and deliberate with his fellow jurors of and concerning the verdict."

Appellant contends that the court erred in giving of its own motion instruction No. 8, and says that it

is not a proper instruction on reasonable doubt.

16. Said instruction reads as follows: "It is not every doubt however that is a reasonable one. You are not warranted in considering as reasonable those doubts that may be merely speculative, or products of the imagination. A reasonable doubt arises, or exists in the mind, naturally, as a result of the evidence or lack of evidence."

This instruction is not erroneous, but is incomplete as an instruction on reasonable doubt, but, when read in connection with instruction No. 9, given by the court of its own motion, the two instructions taken together make a sufficient instruction on the subject of reasonable doubt. Said instruction No. 9 reads as follows: "The rule of law touching reasonable doubt is a practical rule, intended to guide practical jurors when engaged in the serious and important duty of administering justice. There is nothing in it that is mysterious, or fanciful. It does not furnish a shield for those actually guilty, whereby to escape merited punishment. It does not contemplate absolute or mathematical certainty. Despite every precaution that may be taken to prevent it, there may be, in all matters depending on human testimony for proof, a mere possibility of error. But in this case, if you are so convinced by the evidence, of whatever class it may be, and considering all the facts and circumstances in evidence as a whole, of the guilt of this defendant as charged, that, as prudent men you would feel safe to act upon such conviction, in matters of the highest concern and importance to your own dearest and most important interests, under circumstances where there was no compulsion or coercion upon you to act at all, then you will have attained such a degree of certainty as excludes reasonable doubt and authorizes conviction." The giving of said Instruction No. 8 was not error.

The appellant contends that the court erred in giving of its own motion instruction No. 11, and claims that said instruction took from the jury its freedom to judge the law. Said instruction reads as follows: "This is a criminal prosecution. A statute of this state requires the court in such cases to charge the jury, and in such charge to state all matters of law which are necessary for their information in giving their verdict; and these instructions are given by the court in compliance with that statute. However, the Constitution of Indiana provides that in all criminal cases, whatsoever, the jury shall have the right to determine the law, conferred on you by the Constitution, gives you the right to determine and construe the law for yourselves, although your determination may differ from that stated by the court in its instructions; but in determining the law it is your sworn duty to determine it correctly, and as it in fact is, whatever may be the source of your information, or the basis of your conclusion. It is your duty to consider and weigh the instructions given you by the court, and not arbitrarily, and without what you regard as a proper and sufficient reason, reject them; and when your determination shall have been reached, it should be with the conscientious conviction that you have, so far as you were able, correctly determined the law, as it in fact is." This instruction was not erroneous. A similar instruction was held to be correct in the case of *Blaker* v. *State* (1892), 130 Ind. 203, 29 N. E. 1077.

The appellant asserts that the verdict of the jury is not sustained by sufficient evidence, and that for this reason the cause should be reversed. The jury by their verdict found the defendant guilty as charged in the second count of the indictment. The evidence shows a check drawn by appellant on the People's State Bank of Arcadia, Indiana, dated March

10, 1914, payable to himself in the sum of $3,000 indorsed in blank by appellant and by the Hamilton Trust Company to the Indiana State Bank, of Indianapolis, Indiana, and by the latter to any bank, banker, or trust company, and stamped "paid" by the People's State Bank under date of March 14, 1914.  Said check did not have the written consent of the board of directors, manager, or managers of said bank indorsed on it authorizing the appellant to draw it.  It may be inferred from the evidence that the defendant presented the check to the Hamilton Trust Company and cashed it, or got credit for the same, and if he did so receive payment on said check, and had no funds to his credit at the People's State Bank of Arcadia at the time he so received payment, the offense was complete, and he was guilty as charged in the second count of the indictment. Whether he had no funds in said bank to his credit at said time that he so received payment in cash, or by credit on his account, was a material fact in said case.

The state, in its brief, says on that point:   "The evidence shows that appellant knowingly drew and received payment on a certain check issued against the People's State Bank, and that he did not have *sufficient funds* to his credit in said bank to pay the check at the time it was issued or at the time it was presented."   This is not enough.   In order to sustain a conviction on the second count of this indictment the state must show that the defendant had *no funds* to his credit in said bank at the time he drew and received payment on the check named in the indictment.   If the defendant, at said time, had some funds to his credit in said bank, but not sufficient to pay said check, he could not be convicted under the second count of said indictment.   We are unable to ascertain from the evidence when appellant received from said Hamilton Trust Company such payment of said check, or whether at

the time he received such payment he had no funds to his credit in the People's State Bank of Arcadia. It being essential and necessary, to sustain a verdict on the second count of said indictment, for the evidence to show that the defendant, at the time he received payment on said check, had no funds to his credit in the People's State Bank of Arcadia, and, the state wholly failing to adduce any evidence to sustain such fact, and there being no such evidence in the record, we are required to hold that the verdict is not sustained by sufficient evidence, and the judgment must be reversed. Other alleged errors are discussed in appellant's brief, but, as they will not likely arise on a new trial of the cause, it is not necessary to extend this opinion by discussing them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 124 N. E. 458. Banks and banking: construction of statute prescribing form of indictment for violation of banking law, Ann. Cas. 1918C 558. See under (9, 10) 22 Cyc 404, 405; 17 C. J. 282; (18, 19) 7 C. J. 574.