## TUNGATE *v.* STATE OF INDIANA.

[No. 29,523. Filed January 21, 1958. Rehearing
denied March 13, 1958.]

*Richard M. Salb* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged jointly with two others by affidavit in two counts with the crimes of grand larceny under Acts 1941, ch. 148, §9, p. 447; being §10-3001, Burns' 1956 Replacement, and second

degree burglary under Acts 1941, ch. 148, §4, p. 447, being §10-701, Burns' 1956 Replacement, tried separately by jury, found guilty as charged and sentenced on both charges, the sentences to run concurrently.

The sole error assigned is the overruling of appellant's motion for a new trial.

Thirty-five specifications therefor are set out in the motion. All except numbers 1, 2, 3, 4, 5, 7, 8, 9 and 21 are specifically waived by appellant. We shall consider these in the order of their importance as they occur to us.

*First:* Under specification 2 appellant asserts that the verdict of the jury is contrary to law because he was found guilty on both counts of the affidavit, when the statute (Acts 1905, ch. 169, §185, p. 584, being §9-1114, Burns' 1956 Replacement), "expressly requires a finding of guilty of 'either' offense."

Although this statute was first enacted in 1881,[1] neither the appellant nor the attorney general has cited any decisions of this court, and we have not, through our own research, been able to find where the exact situation here presented has been considered in Indiana.

The statute, §9-1114, *supra,* in pertinent part, is as follows:

> "An indictment or affidavit for larceny may contain a count for obtaining the same goods by burglary, . . . and the accused may be convicted of either offense, and the court or jury trying the cause may find all or any of the persons accused guilty of any of the offenses charged."

---

1. Acts 1881, ch. 36, §174, p. 114. The 1881 statute read: ". . . and the Court or jury trying the cause may find all or any of the persons accused, guilty of *either* of the offenses charged." (Our italics.) In the 1905 version "either" was changed to "any," in the last clause. If there is any significance to this change of the word "either" to "any," it would seem that the Legislature intended thereby to make possible the conviction of a defendant, charged as provided in such section of more than one offense.

It seems clear to us that when the Legislature said that when all or any of the persons accused may be found "guilty of any of the offenses charged," thus using "any" as an adjective to modify a plural noun, it intended to use the word "any" in its broad and plural sense as indicating an undetermined number of the class of crimes covered by the Act and as meaning an indefinite number, one or more, several or some.[2]

However, appellant asserts that because of the phrase "and the accused may be convicted of *either* offense" that the jury could have found appellant guilty on only one of the offenses charged. The quoted phrase here must be considered together with the other provisions of the section, and when so considered it can have but one reasonable meaning, i.e., when one or more of the offenses mentioned is charged in a separate count in an indictment or affidavit, with a count of larceny, the court or jury may find the accused guilty of one or more of the offenses so charged, provided, however, they are not included offenses. Such an interpretation is in harmony with the rulings of this court pertaining to certain offenses which arise out of the same act or set of circumstances.

In *Cambron* v. *State* (1922), 191 Ind. 431, 133 N. E. 498, 19 A. L. R. 623, the appellant was charged with the offense of burglary growing out of the same act for which he had been previously convicted on a charge of larceny. On a plea of former jeopardy for the same offense, this court, at pages 433, 434 of 191 Ind., said:

"Unless an indictment for larceny also charges the offense of burglary, a conviction or acquittal of larceny will not bar a subsequent prosecution for

---

2. 3 C. J. S., p. 1401. See also: *State* v. *Hilbish et al.* (1940), 59 Nev. 469, 97 P. 2d 435, 439; *State ex inf. Atty.-Gen.* v. *Long-Bell Lumber Co.* (1928), 321 Mo. 461, 12 S. W. 2d 64, 80.

burglary committed as a means of taking the goods stolen." Citing authorities. See also: *The State* v. *Warner* (1860), 14 Ind. 572.

The "rule seems to be well settled that where two several and distinct offenses grow out of the same transaction, a judgment rendered on one will ██ not bar a prosecution on the other, . . . ." *Durke* v. *State* (1933), 204 Ind. 370, 377, 183 N. E. 97.

It would seem then logically to follow that if an accused can be prosecuted on separate indictments or affidavits, where two separate and distinct offenses grow out of the same act or circumstances, that he could be prosecuted for all or any number of them in one indictment or affidavit if each offense were separately charged in different counts thereof. Under such procedure the accused could be found guilty on any or all of the offenses charged. See: *Durke* v. *State, supra* (1933), 204 Ind. 370, 183 N. E. 97; *State* v. *Balsley* (1902), 159 Ind. 395, 65 N. E. 185; *Bowen* v. *State* (1920), 189 Ind. 644, 128 N. E. 926.

This conforms to the general rule as stated in 1 Bishop Crim. Law, 9 Ed., §1062, p. 788, as follows:

". . . a first count may set out a breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both."

For the foregoing reasons we conclude that appellant herein was properly convicted on both counts of the affidavit and the trial court did not err in entering judgment accordingly.

*Second:* Under specification 1, appellant asserts that the verdict of the jury is not sustained by suffi-

cient evidence. However, he makes no attempt to show wherein it is insufficient except to state that the conviction rests upon the uncorroborated testimony of an accomplice. It seems to us unnecessary to burden this opinion with a summary of the testimony of such accomplice which, if believed by the jury, was abundantly sufficient to sustain the verdict of the jury herein.

Appellant admits that a conviction may be had solely upon the uncorroborated testimony of an accomplice,[3] but contends that such testimony should be cautiously received and carefully scrutinized by the court and jury.[4] However, appellant has failed to show wherein the evidence which he here questions was not so received and scrutinized.

Appellant also relies upon *Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669, to support his position that the evidence is not sufficient to support the verdict. In that case "The only evidence connecting appellant in any manner with the stolen automobile came from the mouth of a single witness. That witness, the admitted thief, admitted highway robber and admitted deserter from the navy, was, as to each of his material statements concerning appellant's connection with the stolen car, directly contradicted by himself under oath by disinterested witnesses, by circumstantial evidence, and by physical facts." These circumstances are not present in the case at bar. While it is true that the witness Shaffer did, according to the testimony of certain other witnesses, contradict himself, it was for the jury to decide whether it would believe the witness Shaffer or such other witnesses.

---

3. *Hansen* v. *State* (1952), 230 Ind. 635, 640, 106 N. E. 2d 226.
4. *Sylvester* v. *State* (1933), 205 Ind. 628, 632, 187 N. E. 669; *Bredenderf* v. *State* (1923), 193 Ind. 675, 683, 141 N. E. 610.

The other circumstances which caused a reversal in the Sylvester Case are not present in this case and it lends no support to appellant's position herein.

Appellant further asserts that no evidence was presented to contradict his two alibi witnesses. Even if this were true, the jury was not compelled to believe these witnesses.

The State, by its answer to the plea of alibi, fixed a time at between 12:01 A.M. and seven o'clock on the morning of January 30, 1955. There is evidence from which the jury could have found that the crime was committed about one o'clock on the morning of January 30, 1955, and that appellant participated in its commission. Whether or not the testimony of appellant's alibi witnesses was sufficient to raise a reasonable doubt as to his guilt was a question for the jury,[5] which it resolved against appellant.

*Third:* By specification 5 appellant is attempting to assert the ground of newly discovered evidence as follows:

"Newly discovered evidence, material for the defendant, which he could not, with reasonable diligence, have discovered and produced at the trial as shown by Exhibits 'F' and 'G,' and 'H.'"

An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for

5.  *Clark* v. *State* (1902), 159 Ind. 60, 66, 64 N. E. 589.

trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different resu¹' 2 F. W. & H., Ind. Tr. & App. Pract. §1812, Provision 7, p. 387.

Neither specification 5 nor the affidavit in support thereof meets these requirements.

*Fourth:* Specifications 3, 4, 7, 8 and 9 all pertain to the alleged error of the court in refusing to withdraw the decision and declare a mistrial because of ■ certain remarks by the prosecuting attorney in his argument to the jury.

The statement to which objection is made is as follows:

"The witness Durham testified that he and the defendant were in the reformatory together."

To this the appellant promptly objected and orally made his motion to withdraw the submission and declare a mistrial. Such motion was overruled and the court then instructed and admonished the jury as follows:

"Ladies and Gentlemen of the Jury, I want to ask you this question, individually and collectively: Is each member of the Jury clear in his own mind that there is no evidence that the defendant herein has any criminal record whatsoever, and further, that there is no evidence that the defendant was ever an inmate of Indiana State Reformatory or any reformatory?"

Each member of the jury "nodded his head affirmatively" in response to this question.

The following evidence is in the record without objection:

"Q. Did you ever meet Mr. Tungate in the reformatory in the year of 1944?

"A. I don't know exactly what time it was I did meet him.

"Q. You did meet him in the reformatory at one time?

"A. Yes, Yes, Sir, that's where I met him."

While this evidence is no doubt the basis for the objectionable remarks of the prosecuting attorney in his argument to the jury, it was not sufficient, however, to justify his conclusion that appellant was an inmate in the reformatory and to state such conclusion as a fact to the jury. Any inference which might have been drawn from this evidence which, though clearly improper, was admitted without timely objection by appellant's trial counsel, was for the jury to draw and not the prosecuting attorney.

While we unhesitatingly condemn such action by the prosecuting attorney, we believe the court, by its admonition to the jury, overcame the effect of any alleged misconduct of the prosecuting attorney, and appellant's substantial rights were not prejudiced by reason thereof. No showing has been made by appellant that the conduct of the prosecuting attorney was in any manner prejudicial to his substantial rights. It is our opinion that under the circumstances here no reversible error was committed. *Pitts* v. *State* (1939), 216 Ind. 168, 171, 23 N. E. 2d 673.

*Fifth:* Specification 21 alleges error of the trial court in sustaining an objection by the State to the following question asked by appellant's trial attorney of the State's witness Shaffer.

"Q. Isn't it a fact that in the presence of Mrs. Morrison you told Mr. Morrison on numerous occasions that Tungate had nothing to do with this burglary?"

The record shows that the State's objection to this question was sustained "on the ground that proper foundation had not been laid." The record sustains the trial court in this ruling, hence no reversible error was committed.

The burden was upon appellant to show reversible error. This he has failed to do and the judgment of the trial court will be affirmed.

Judgment affirmed.

Emmert, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 147 N. E. 2d 232.