## MILLER v. STATE OF INDIANA.

[No. 22,740. Filed June 15, 1915.]

1. CRIMINAL LAW.—*Evidence.*—*Weight and Sufficiency.*—Although much of the evidence for the State in a criminal prosecution consisted of conclusions and conjectures of witnesses, and all of it was denied by defendant, the injured party and her father and mother, the verdict can not be disturbed on appeal.on the ground of insufficient evidence, since the court will not invade the province of the jury to weigh the testimony. p. 320.

2. WITNESSES.—*Examination.*—*Unresponsive Answer.*—In a prosecution for rape where a witness was asked if she had heard the defendant and the prosecuting witness talking on a certain occasion, and answered that the prosecuting witness "groaned worse than any woman giving birth to a child" the answer was not responsive to the question and should have been stricken out. p. 320.

3. CRIMINAL LAW.—*Evidence.*—*Hearsay.*—*Absence of Defendant.*— In a prosecution for rape, the testimony of a witness, detailing a conversation concerning the health of the prosecuting witness, had with the mother of the latter in the absence of defendant, was improper and should have been stricken out. p. 321.

4. WITNESSES.— *Impeachment.*— *Inconsistent Statements.*— *Necessity of Foundation.*—A witness can not be impeached by proof of statements inconsistent with his testimony, unless the proper foundation has been made by directing his attention to the occasion when, and the person to whom, the alleged contradictory statement was made. p. 321.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Prosecution by the State of Indiana against Pat Miller. From a judgment of conviction, the defendant appeals. *Reversed.*

*Lesh & Lesh* and *Geo. W. Stults,* for appellant.

*Richard M. Milburn,* Attorney-General, *Otto H. Krieg, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

ERWIN, J.—In this case appellant was tried and convicted upon the charge of rape alleged to have been committed upon a feeble-minded female. . The only question presented by the briefs of appellant is the overruling of the motion for a new trial. The first and second causes for a new trial challenge the sufficiency of the evidence to sustain the verdict, while the other twenty-six causes relate to the rulings of the court on the admission and rejection of evidence and overruling motions to strike out certain evidence. The principal evidence for the State consisted of the testimony of two women living in the neighborhood of the alleged injured party, and much of it consisted of conclusions and conjectures of the witnesses, and all of it was denied by the appellant, the alleged injured party and her father and mother; yet the jury was the judge of the facts and the credibility of the witnesses and we can not invade the province of the jury and weigh the testimony.

The eleventh cause for a new trial was predicated upon the overruling of a motion by appellant to strike out a certain volunteer statement of the witness Ella Ervin. This witness was asked by the attorney for the State on redirect examination, referring to a certain occasion when the witness testified to having seen appellant and the alleged injured party on a side porch of the residence of the girl's father, if she had heard them talking. This witness answered as follows: "Oh well to tell you the truth about it she just groaned worse than any woman giving birth to a child." Appellant's attorney promptly moved the court to strike out the answer of the witness as not being responsive to the question, and as being a statement of a conclusion and not of any fact. This motion was

overruled by the court, to which ruling the appellant excepted. The witness should have answered the question propounded and this volunteer statement should have been stricken out. One Mrs. Jacobson was called as a witness in rebuttal and was asked the question, "I will ask you to state what, if anything, you saw in regard to Hazel being sick"? In answer to this question the witness was allowed to give a statement of a conversation with Hazel and her mother, in the absence of appellant, about the condition of Hazel's health. Appellant's attorney moved to strike out this answer for the reason, among others, that it was hearsay evidence, and the relating of a conversation which took place in the absence of the defendant. This motion should have been sustained.

The twenty-sixth cause for a new trial is predicated upon the ruling of the court in relation to an impeaching question propounded to a witness for the State in rebuttal. On cross-examination of Mrs. Smith, a witness called by the defense, she was asked by the attorney for the State this question, "Now referring to another matter Mrs. Smith, has Hazel, within the last year been in a family-way?" The witness answered, "No, sir". Thereupon the witness, Mrs. Smith, was asked this question, "Haven't you told your neighbors that she was?" to which witness responded "No, sir." In rebuttal the State called as a witness Mrs. Jacobson and propounded to her this question, "Directing your attention to a certain occasion when Mrs. Smith came over to your house, was there anything said in regard to Hazel's condition?" to which the witness answered, "Yes, sir." The State then propounded to the witness the following question, "You may state, Mrs. Jacobson, if on that occasion Mrs. Smith didn't tell you that Pat Miller had gotten Hazel in a fix?" To this question the appellant objected for the reason that no proper foundation had been laid and no question had been asked Mrs. Smith,

fixing the time or place. The witness answered, "Yes, sir, she did tell me that Pat Miller had got Hazel into a fix." The only purpose this testimony could have, would be to impeach Mrs. Smith, as any statement by Mrs. Smith in the absence of the appellant could not bind appellant, and was not admissible. To impeach a witness by showing that he had made statements out of court contrary to testimony in court, the attention of the witness must be directed to the particular occasion, the time and place and the person or persons to whom it is claimed the statement had been made. New York, etc., R. Co. v. Flynn (1908), 41 Ind. App. 501, 506, 81 N. E. 741, 82 N. E. 1009; M'Intire v. Young (1843), 6 Blackf. 496, 39 Am. Dec. 443; Pence v. Waugh (1893), 135 Ind. 143, 156, 34 N. E. 860; Roller v. Kling (1898), 150 Ind. 159, 166, 49 N. E. 948; Sloan v. New York Cent. R. Co. (1871), 45 N. Y. 125. The reason for this rule as stated in the case last cited is, "if it were otherwise, hearsay evidence, not strictly contradictory, might be introduced, to the injury of the parties and in violation of legal rules." The question asked the witness sought to be impeached did not fix the time, place or occasion, at which it was claimed the statement had been made, and therefore no proper grounds for impeachment had been laid.

Many other alleged errors are assigned but as they may not occur upon a retrial we shall not extend this opinion by referring to them. Judgment reversed with instructions to grant a new trial and the warden of the prison at Michigan City is directed to transfer appellant to the jail of Huntington County.

Note.—Reported in 109 N. E. 205. See, also, under (1) 12 Cyc. 906; (2) 40 Cyc. 2444; 12 Cyc. 564; (3) 33 Cyc. 1460; (4) 40 Cyc. 2719.