## COX *v.* STATE OF INDIANA.

[No. 26,042.   Filed May 25, 1934.]

*Arthur McGaughey* and *W. W. Spencer,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was charged by affidavit with the crime of second degree rape under §2429, Burns Supp. 1929, §10-4201, Burns 1933, §2422, Baldwin's 1934, Act 1927, p. 576. The appellant filed a motion

to quash the affidavit which motion was overruled. Upon a plea of not guilty, the cause was submitted to a jury for trial, and appellant was found guilty as charged, and sentenced to the Indiana Reformatory for a period of not less than one nor more than ten years.

The appellant filed a motion for a new trial, assigning therefor twenty-eight reasons. The first five are as follows:

(1) The court erred in overruling the defendant's motion to quash the affidavit.

(2) The verdict of the jury is not sustained by sufficient evidence.

(3) The verdict of the jury is contrary to law.

(4) The verdict of the jury is contrary to law and evidence.

(5) The verdict of the jury is not sustained by any evidence.

The remaining reasons for a new trial, except the 28th, all relate to questions propounded to the prosecuting witness, and objections thereto, and questions propounded to the witness, Edgar Mangus, and objections thereto. The 28th reason for a new trial alleges that the court erred in giving certain instructions.

The assignment of errors is as follows:

(1) The court erred in overruling the motion of appellants to quash the affidavit.

(2) The court erred in overruling the motion of appellant for a new trial of said cause.

The appellant, under points and authorities in his brief, has only presented the question, to wit: The verdict of the jury is not sustained by sufficient evidence and is contrary to law. All other questions not presented under points and authorities are waived. *Papenbrook* v. *White* (1923), 194 Ind. 17, 141 N. E. 804.

There were only three witnesses who testified in this

case, and as the State admits, the evidenc of the prosecuting witness was very confusing.

The most serious question presented is whether or not the State laid proper foundation for the impeachment of the prosecuting witness. The State called Edgar Mangus, who was the foreman of the grand jury to impeach the prosecuting witness, as to certain statements she made as a witness in the case.

It is the rule that where a witness is to be impeached a proper foundation must first be laid, and this is done by bringing to his attention in a question put to him, clearly, and distinctly all the circumstances of time, place, and person, or persons under which the contradictory statements were made. And before a witness may be impeached he must have made statements out of court contrary to testimony given in court. *Miller* v. *State* (1915), 183 Ind. 319, 109 N. E. 205; *Roller* v. *Kling* (1897), 150 Ind. 159, 49 N. E. 948; *Pence* v. *Waugh* (1893), 135 Ind. 143, 34 N. E. 860; Underhill, Criminal Evidence, §380, p. 543, 544.

And if the witness admits that he made the contradictory statements it is not competent to prove the statements by witnesses to whom they were made, or who overheard them. In the case of *Pence* v. *Waugh, supra,* the Court said: "While we do not insist that the question to the impeaching witness should be in the exact words of the question asked of the witness sought to be impeached, we do hold that as to time, place, and substance of the conversation or statement, it should be identical, and should be so framed as to admit of a negative or an affirmative answer. . . . If more than the whole substance of the conversation inquired of in the foundation question is stated in the impeaching question, injustice is done the witness whose credibility is in question and the same may be said, with additional force, if the impeaching

question include more than the substance of the foundation question. . . . It can not be favored, as a rule of practice, to permit the impeaching witness to state the conversation in detail, except as the cross-examiner may call it out in testing the accuracy of the conclusion that the conversation denied and that affirmed are the same, for the reason already given, that to do so will admit matters not included in the foundation inquiry and often matters of mere hearsay."

Tested by the foregoing rules of law and practice, what do we find in the instant case? In the first place, we find that the prosecuting witness, on direct examination first denied that she had sexual intercourse with the appellant, and then admitted that she had. She first denied that she had been before the grand jury, and then admitted that she had been. After reviewing the evidence there is some basis for believing that she was somewhat confused as to being before the grand jury, but she admitted that she had been, and there is no question as to this fact. The evidence of this witness shows clearly that she was attempting to protect the appellant as much as possible. However, she testified in substance to the facts and statements which formed the basis of the impeaching questions and admitted she had made the contradictory statements, and therefore it was not competent to prove by the impeaching witness, Mangus, that she had made the statements. Moreover, there was no question put to the prosecuting witness, containing in substance all the facts and circumstances embodied in the impeaching question asked the impeaching witness, Mangus, and he was permitted in a general way to relate the evidence by the prosecuting witness before the grand jury. This was error. It is not permissible for the impeaching witness to state the conversation, or as in the instant case the evidence given by the prosecuting witness before the grand jury, in detail,

except as the cross-examiner may call it out in testing the accuracy of the conclusion that the conversation denied and that affirmed are the same, for the reason that to do so will admit matters not included in the foundation inquiry.

The evidence of the prosecuting witness was very confusing and conflicting. The jury probably relied on the evidence of the witness, Mangus, in convicting the appellant. We feel that in such a case as this the rules of impeaching evidence, as to the laying of a proper foundation and proper impeaching questions, should be adhered to, and, as heretofore shown they were not, the judgment should be reversed.

Judgment reversed.