SMITH *v.* STATE OF INDIANA ET AL.

[No. 29,986. Filed May 2, 1961.]

*John M. Heeter,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellees.

ACHOR, J.—Appellant was charged by a two-count affidavit filed November 16, 1959, with the crimes of second degree burglary and automibile banditry under the provisions of Acts 1941, ch. 148, §4, p. 447 (Burns' Ann. St., §10-701(b) [1956 Repl.]), and under Acts 1929, ch. 54, §3, p. 136 (Burns' Ann. St., §10-4710 [1956 Repl.]).

Trial was had by jury which found the appellant guilty of the crime of second degree burglary, as charged.

The appellant assigns as sole error the overruling of his motion for a new trial on the grounds that the

verdict is not sustained by sufficient evidence and is contrary to law. Both grounds raise but one issue—whether a person may be convicted solely on the uncorroborated testimony of an accomplice.

It is provided by statute expressly[1] and by case law that accomplices, when they consent, are competent to testify. Acts 1905, ch. 169, §235, p. 584 (Burns' Ann. St., §9-1603 [1956 Repl.]). *Parsons* v. *State* (1921), 191 Ind. 194, 131 N. E. 381; *Conway* v. *State* (1888), 118 Ind. 482, 21 N. E. 285. Also, the law is well settled in this state that a person may be convicted upon the uncorroborated testimony of an accomplice. *Tungate* v. *State* (1958), 238 Ind. 48, 147 N. E. 2d 232; *Key* v. *State* (1956), 235 Ind. 172, 132 N. E. 2d 143; *Johnson* v. *State* (1879), 65 Ind. 269.

Nevertheless appellant contends that the verdict in this case was not sustained by sufficient evidence and is contrary to law because the "confession" of Russell Charles Trammell, his accomplice, stands without any corroborating evidence as to appellant's implication in the crime or crimes to which Trammell confessed. In support of this contention appellant cites and relies upon Burns' Ann. St., §9-1607 [1956 Repl.] as his authority. However, this statute has no application to the admissibility of the testimony of an accomplice. It relates to "a confession (of a defendant) made under inducement."[2] In this case the evi-

---

1. "Who are competent witnesses.—The following persons are competent witnesses:

. . . . .

"Third. Accomplices, when they consent to testify." Acts 1905, ch. 169, §235, p. 584 (Burns' Ann. St., §9-1603 [1956 Repl.]).

2. "The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influences; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence." Acts 1905, ch. 169, §239, p. 584 (Burns' Ann. St., §9-1607 [1956 Repl.]).

dence in support of the verdict is not the confession of the defendant (appellant), but the direct testimony of the accomplice. Hence, this contention is without merit.

Judgment is therefore affirmed.

Bobbitt, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 174 N. E. 2d 47.