FITZGERALD *v*. STATE OF INDIANA.

[No. 30,476. Filed September 14, 1966. Rehearing denied December 6, 1966.]

*John A. Carson,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

MYERS, J.—This is a criminal action based upon an affidavit filed by the State of Indiana against appellant herein and two other defendants, by name of Michael F. McGaugh and Warren Elsworth Senteney, charging them with robbery ". . . forcibly by violence and putting ALICE SMITH and MARGARET McGUIRE in fear, take from the person and possession of the said ALICE SMITH and MARGARET McGUIRE money of the value of ONE HUNDRED NINETY DOLLARS ($190.00) in United States Currency . . . ." McGaugh and Senteney entered pleas of guilty and were each sentenced for a period of one to ten years in the Indiana State Reformatory and fined One Dollar and costs. Appellant pleaded not guilty, was tried by a jury and found guilty as charged. He was sentenced to a term of ten to twenty-five years in the Indiana State Prison and fined One Dollar and costs.

Appellant's defense attorney filed a motion for new trial on May 23, 1963, the body of which reads as follows:

"The Defendant, JOHN EDWARD FITZGERALD, moves the Court for new trial thereof upon the following grounds and for the following reasons:

"Error of law occurring at the trial in that the Court permitted the State of Indiana to introduce evidence over the objections of the Defendant, FITZGERALD, which tendered [sic] to prove that the said JOHN FITZGERALD was at a place contrary to that as set out in Defendant's notice of alibi, which evidence was introduced over Defendant's objection that the State of Indiana was bound by

the facts stated in Defendant's notice of alibi due to the fact that the State of Indiana did not file its answer to the said notice within the required time prior to the date originally set down for the trial of said cause, which date was continued by the Court over the objection of the said Defendant, JOHN EDWARD FITZGERALD.

"WHEREFORE, the Defendant, JOHN EDWARD FITZGERALD, prays the Court for new trial of said cause."

On June 13, 1963, appellant, acting *pro se,* filed a motion for appointment of counsel, a motion for extension of time, and a motion for new trial. His motion for new trial was based upon the grounds that the verdict of the jury was contrary to law and not sustained by sufficient evidence. Both motions for new trial were timely filed, as the date of the jury's verdict was May 14, 1963. On July 2, 1963, there is a record entry which reads as follows:

"Court now overruled Defendant's Fitzgeralds Motion for New Trial heretofore filed."

Following that, the court appointed John A. Carson, on July 8, 1963, as pauper attorney for appellant, for the purpose of taking an appeal.

The body of appellant's assignment of errors reads as follows:

"Appellant says that there is manifest error in the judgment, finding of the jury and proceedings in this cause in the trial court in this, to-wit:

"1. The Court erred in overruling Appellant's motion for new trial.

"2. In the jury finding in said cause was a total disregard for the evidence presented in said cause.

"3. For which errors, Appellant prays that the judgment be in all things reversed."

The State in its answer brief has complained of appellant's brief as to form and substance on the grounds that it does not comply with Supreme Court Rules. However, no motion was made to dismiss the appeal or affirm the trial court's judgment

on that basis, so we shall not consider those matters herein, but shall go to the merits of the case.

The only specification in the assignment of errors that may be considered is that based upon the overruling of appellant's motion for new trial, being No. 1. Specifications Nos. 2 and 3 do not fall within the provisions of Supreme Court Rule 2-6. *Bays* v. *State* (1959), 240 Ind. 37, 42, 159 N. E. 2d 393. We shall look at the motion for new trial filed by appellant, *pro se,* rather than that filed by his attorney. It may be assumed that the trial court overruled *both* motions for new trial in its entry of July 2, 1963, although the entry does not specify such. Appellant's main argument in his brief relies upon the insufficiency of the evidence and makes no mention of the propositions raised by trial counsel's motion. Thus, the latter is clearly waived by failure to discuss the same in his appeal brief. Supreme Court Rule No. 2-17 (e and f) ; *Baker* v. *State* (1964), 245 Ind. 129, 195 N. E. 2d 91.

The evidence most favorable to the State is to the effect that three men wearing stocking masks forced their way into Mrs. Alice Smith's home by stating that they were policemen and had a message for her. This occurred around 4:00 o'clock in the morning of January 18, 1962. Mrs. Smith lived on the far Northside of Indianapolis, Indiana. A niece, by name of Margaret McGuire, was visiting her. The men ordered the two women to lie down on the floor and then two of them proceeded to ransack the house in search of money. The women did as they were told because they were in fear of their lives. The men found their purses and took money from them and other places totalling approximately $190. The men then tied the two women together with a sheet and left after throwing a knitted afghan over them.

By means of efficient police work, the three men named and charged with robbery in the affidavit were placed under arrest. Two of them, Warren Elsworth Senteney and Michael

F. McGaugh, signed confessions that they had participated in the robbery with appellant. Later they pleaded guilty to the charge and were sentenced accordingly.

In the Argument section of his brief, appellant contends that there was insufficient identification of appellant by State witnesses. Mrs. Smith testified that she saw the appellant's shoes while she was on the floor under the afghan. They were dirty brownish-colored tennis shoes. She recognized them on appellant when she saw him in the line-up at the Sheriff's office. She further recognized a story he told her at the time of the robbery which was to the effect that he was bitter at life because when he was twelve years' old he had stolen twenty-five cents from his grandmother and was arrested for it. He said that the people on the Northside of Indianapolis were no good and should see how the "rest of us live." The same story was told her by appellant, she claimed, on January 15, 1962, when he was invited to her home by her brother, and introduced to her, after a visit to a local mortuary where Mrs. Smith's husband's body had been taken after a fatal heart attack on January 13, 1962. At the trial, she positively identified appellant as being one of the three robbers. Both Warren Elsworth Senteney and Michael F. McGaugh testified in open court that appellant was the third man participating with them in the robbery. Thus, there was ample corroborative testimony from which a jury could have determined that appellant committed the robbery.

Appellant relies on the case of *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641, where a woman was robbed on the street by a man who had a white handkerchief around his face. This fell down and she identified him at the police station as the man who robbed her. However, the woman later changed her story and said she really did not see his face. With only this testimony before it, this court held that from an examination of the entire record it could not see that any prudent man could find appellant had been proved guilty beyond a reasonable doubt; that the issue became a matter

of law; that the finding of the court was contrary to law and a new trial should be granted.

The facts are not similar in the case at bar. Mrs. Smith did not modify her identification of appellant or change it in any way. The two accomplices who testified were competent witnesses because they consented to testify. Burns' Ind. Stat., § 9-1603, Third, 1956 Replacement. A defendant may be convicted on the uncorroborated testimony of an accomplice. *Smith* v. *State* (1961), 241 Ind. 601, 174 N. E. 2d 47. We hold that there was sufficient evidence of identification introduced herein that the jury could have found appellant guilty as charged, and so the matter did not become a matter of law to be determined by this court.

Judgment affirmed.

Rakestraw, C. J., and Arterburn, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 603.