TAYLOR AND COOPER *v.* STATE OF INDIANA.

[No. 30,788. Filed December 12, 1967.]

*Richard E. Kreeger,* of Anderson, for appellant Taylor, and *Vincent Kelley, Kelley, Arnold and Kelley,* of Anderson, for Appellant Cooper, Jr.

*John J. Dillon,* Attorney General, and *R. Robert Yeager,* Deputy Attorney General, for appellee.

PER CURIAM.—Appellants Fred Cooper, Jr. and Raymond Taylor were charged jointly and tried together. They were both charged by amended affidavit in two counts, Count One being the crime of robbery and Count Two being the crime of inflicting personal injury in the perpetration of a robbery. The appellant Cooper was found guilty of robbery—Count One —while appellant Taylor was found guilty of both Count One and Count Two. They were sentenced accordingly.

This criminal trial took a number of weeks and the transcript and briefs are quite voluminous. A number of contentions are made with reference to claimed errors arising during the trial to the prejudice of the appellants. Among these are errors claimed by reason of the introduction in evidence of a statement referred to as Exhibit 20, made by appellant Cooper in his own handwriting, which he signed and then crossed out his signature thereon. This statement, with two other statements, were obtained from him during a period of questioning

from the time of the alleged crime on March 17, 1961 to April 8, 1961. During this period he was arrested and released a number of times. During the trial, the court held a hearing as to the admissibility of this exhibit and referred to it as a "confession." The appellant Taylor claims that he was not present during this hearing and that the statement finally admitted was prejudicial to him, in violation of his constitutional rights.

Additionally, appellant Cooper claims the evidence does not show his participation in the crime. We need not attempt a solution of all of these questions raised and many others, since this case must go back for retrial, but need only discuss one of these many claimed errors, which compels a reversal in this case.

One of the specifications in the motion for a new trial reads as follows:

> "During the cross examination of Rico Taylor, a witness called by defendant, Raymond Taylor, the Trial Court permitted the State of Indiana to introduce State's Exhibit 75, the same being a knife which the State contended was used by the witness, Rico Taylor, upon the person of one Eddia Lee Morrow for which the said Rico Taylor was charged with assault and battery. . . ."

The record shows that Rico Taylor, brother of appellant Taylor, took the witness stand to testify on his behalf. During the course of cross-examination he was questioned concerning a charge of assault and battery, to which he pleaded guilty. This he admitted. This knife was a butcher knife with a blade measuring about 8 inches in length and with a wooden handle measuring $4\frac{1}{2}$ inches in length. The appellants claim that such exhibit was not admissible in evidence except for the purpose of impeaching the testimony of the witness, Rico Taylor, and that at no place was he asked whether or not a knife was used in the assault and battery with which he was charged and whether or not this was the knife that was so used; that there being no denial by him,

there was no foundation laid for impeachment. Nevertheless, the court admitted in evidence the exhibit number 75 for consideration by the jury. The State had the right to cross examine this witness to show his bias and prejudice, but a proper foundation must be laid to impeach such a witness upon any denial. *Rariden* v. *State* (1961), 242 Ind. 689, 177 N. E. 2d 736; *Powers* v. *State* (1933), 204 Ind. 472, 184 N. E. 549; *Kell* v. *State* (1924), 194 Ind. 374, 142 N. E. 865.

Laying the foundation for impeachment is an exacting procedure. The questions must be specific as to time, place and other substantial matters involved, and the questions should be so framed as to permit a negative or affirmative answer. This was not done in this case. 30 I.L.E., *Witnesses*, Sec. 243.

Judgment against each of the appellants is reversed and a new trial ordered.

NOTE.—Reported in 231 N. E. 2d 507.