SHEPHERD *v.* STATE OF INDIANA.

[No. 1069S240. Filed July 27, 1970.]

*William C. Erbecker, James Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

HUNTER, C.J.—Appellant was charged by affidavit with the crime of theft. Upon a plea of not guilty, trial was had before the court and appellant was found guilty as charged and sentenced to six months imprisonment at the Indiana State Farm.

On this appeal, the sole question argued is that the evidence is insufficient and consequently the verdict is contrary to law. More specifically, it is appellant's contention that the uncorroborated evidence of an accomplice is insufficient as a matter of law to convict a criminal defendant in that the admission of such evidence is violative of appellant's constitutional right to due process of law.

Since the issue as framed relates only to the propriety of admitting evidence of an accomplice and no independent argument is made as to the sufficiency of the evidence otherwise admitted, we need not burden this opinion with a recitation of the facts. Suffice it to say that the testimony of the two accomplices called to the witness stand is essential to appellant's conviction in this case. Our determination on the question raised as to the admissibility of that evidence therefore will be wholly dispositive.

The law in Indiana on the question of admitting the testimony of an accomplice has long been settled. Ind. Ann. Stat. § 9-1603 (1956 Repl.) specifically provides that an accomplice, upon giving consent, shall be competent to testify. Further, it has been held in this state that a conviction may be sustained on the uncorroborated testimony of an accomplice. *Fitzgerald* v. *State* (1966), 248 Ind. 19, 219 N. E. 2d 603; *Smith* v. *State* (1961), 241 Ind. 601, 174 N. E. 2d 47; *Tungate* v. *State* (1958), 238 Ind. 48, 147 N. E. 2d

232; *Key* v. *State* (1956), 235 Ind. 172, 132 N. E. 2d 143. Although it has been said that the testimony of an accomplice should be closely scrutinized and cautiously received (*Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669), the weight to be given such evidence is a matter for the jury or trial judge and not for an appellate tribunal. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89; *Black* v. *State* (1965), 246 Ind. 550, 207 N. E. 2d 627; *Mattingly* v. *State* (1957), 236 Ind. 632, 142 N. E. 2d 607.

Not withstanding the above cited authority, it is appellant's contention that to admit the evidence of an accomplice is to violate his right to procedural due process under the United States Constitution. The argument apparently derives from the fact that at common law, *according to appellant,* the uncorroborated testimony of an accomplice was held to be insufficient as a matter of law to sustain a conviction. Consequently, appellant asserts that since the present state of the law is totally contrary to the common law standards of proof which prevailed at the time the Bill of Rights were adopted, his Fifth and Fourteenth Amendment right to due process has been abridged.

Although we are not unimpressed by appellant's quaint argument, there are at least three reasons why it cannot be successfully maintained. First of all, we cannot agree with what appellant's argument necessarily implies which is that the Fifth and Fourteenth Amendment due process clauses were intended to incorporate and fossilize the common law as it existed at the time of their adoption. To so hold would perforce require invalidation of the many changes and modifications of the common law effected since that time. Examples need not be cited to demonstrate the undesirable consequences which would obviously accrue. We need not remind this appellant that many of the procedural safeguards afforded him during the course of his trial were a direct result of expanded concepts no where found in the common

law at the time the fifth or Fourteenth Amendments were made law.

Secondly, even were we to indulge in the patently unsupportable supposition that the due process clauses found in the Federal Constitution were intended to embody common law concepts as then existing, we would nevertheless be required to recognize that during that particular time in the development of the law, an accomplice's testimony was considered competent and admissable. See generally, 7 Wigmore on Evidence, § 2056 *et seq.* (1940). As noted by Wigmore, it was repeatedly ruled during the 1600s and 1700s that the testimony of such witness was to be admitted. Eventually, as courts began to appreciate the concept of qualitative sufficiency, it became apparent that a cautionary instruction relative to an accomplice's testimony might be desirable. Indeed, several states require by statute such an instruction today. However, it should be noted that during this entire time period, the testimony of an accomplice was competent and considered sufficient even though uncorroborated to convict an appellant. In our opinion, appellant's bland assertion that our case law precedent, holding that a defendant may be convicted on the uncorroborated evidence of an accomplice, is totally contrary to common law standards of proof prevailing at the time the Federal Constitution was adopted is historically unsupported by the case law of that period.

Finally, it is our express opinion that the "right" here asserted, to wit the "right" to be legally free from conviction on the uncorroborated testimony of an accomplice, fails to attain constitutional dimensions. Although we do not feel bound by the status of the common law at the time of the Constitution's adoption, we nevertheless recognize that it has been an invaluable aid to the United States Supreme Court on occasions where that court has been required to interpret the spacious language of the Fourteenth Amendment due process clause. We further recognize that

certain rights, well establish in the area of criminal jurisprudence over the years have been found to be implicit in the term due process. Although many of the accused's rights made obligatory on the states via the Fourteenth Amendment found expression in the Bill of Rights, e.g. the right to be free from unreasonable search and seizure, the right against self-incrimination and the right to counsel, there is authority for the proposition that the term contemplates something more than the substance of the first eight amendments. One of the most recent examples is found in the case of *In Re Winship* (1970), 397 U. S. 358, 25 L. Ed. 2d 368, where the United States Supreme Court held that conviction of a criminal offense could not be had on less than proof beyond a reasonable doubt. Although we do not here care to indulge in the constitutional debate surrounding the ambit of the due process clause we do take cognizance of the fact that the nature of appellant's argument is not unprecedented.

In determining whether a right is so fundamental to our concept of ordered liberty or its deprivation so conscience shocking as to constitute a deprivation of due process, the U. S. Supreme Court has traditionally evaluated the substance of the right in terms of its historical significance and its necessity to the maintenance of our traditional notions of justice and fair play. See e.g. *In re Winship, supra; Klopfer* v. *North Carolina* (1967), 386 U. S. 213, 18 L. Ed. 2d 1; *Malloy* v. *Hogan* (1964), 378 U. S. 1, 12 L. Ed. 2d 653; *Gideon v. Wainwright* (1963), 372 U. S. 335, 9 L. Ed. 2d 799; *Mapp* v. *Ohio* (1961), 367 U. S. 643, 6 L. Ed. 2d 1081. Since the standard applied by that court is somewhat nebulous, we do not feel compelled to hold, without prior direction, that a conviction based wholly on the uncorroborated testimony of an accomplice constitutes a deprivation of an accused's right to due process of law. The jury is instructed that it is within their province to weigh the evidence and determine the credibility of the witnesses. Further, they are instructed that they must be convinced beyond a reasonable

doubt of the defendant's guilt. Given these instructions, we fail to see in what manner the admission of an accomplice's uncorroborated testimony improperly prejudices the accused. The suspect nature of the testimony is obvious and where an accomplice has been induced to testify by promises of leniency, that fact may be taken into consideration by the jury or trial judge in determining the weight to be given his testimony. *Mattingly* v. *State, supra*. If the purpose of a criminal prosecution is to arrive at the truth on the question of guilt or innocence, we see no rational justification in policy or logic for promulgating a rule of blanket exclusion as to the testimony of an accomplice. Sufficient safeguards are implicit in the prosecutory process without such a rule.

Since the question heretofore discussed is the only issue properly before this court, the judgment of the trial court should be affirmed.

Judgment affirmed.

Arterburn, DeBruler and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 260 N. E. 2d 563.