RONALD BUTLER v. STATE OF INDIANA.

[No. 1270S297. Filed June 21, 1971.]

*John D. Ulmer, Yoder, Ainlay, Ulmer & Buckingham,* of Goshen, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Smith,* Deputy Attorney General, for appellee.

Givan, J.—Appellant was charged by affidavit with the crime of first degree burglary. Trial by jury resulted in a verdict of guilty as charged. Appellant was sentenced to the Indiana State Prison for a period of not less than ten nor more than twenty years and disfranchised for six years.

The record discloses the following facts:

On November 11, 1968, Wayne Metzger resided at 501 Queen's Street, Goshen, Indiana. Between the hours of 7:30 P.M. and 8:30 P.M. on that day the Metzger family was away from the residence. Upon their return at about 8:30 P.M. they discovered the house had been forcefully entered and four guns had been removed from the residence. Terry Hershberger testified that he met with the appellant and one Mervin Cagle at Cagle's residence at about 6:30 P.M. on the evening in question; that the appellant and Cagle had devised a scheme to burglarize the Metzger residence.

At about 7:45 P.M. Butler and Hershberger broke into the Metzger residence. Metzger's guns were taken. The three men then went to a tavern where Hershberger and Cagle stayed while the appellant left with the guns. Appellant returned in one hour without the guns and gave Hershberger and Cagle $25 each as their share for the proceeds of the sale of the guns.

The appellant filed an alibi notice and pursuant thereto presented witnesses who testified that he was in his home during the entire period of time in which the burglary occurred.

Appellant claims the trial court erred in denying his motion for acquittal made at the conclusion of the evidence; that the verdict is contrary to the weight of the evidence; that it is not supported by substantial evidence and that the defendant was substantially prejudiced and deprived of a fair trial. He groups all of these alleged errors together and supports them by one argument.

This Court has repeatedly stated as recognized by the appellant that it will not weigh the evidence nor determine the

credibility of the witnesses. *Sharp* v. *State* (1970), 254 Ind. 435, 260 N. E. 2d 593, 22 Ind. Dec. 245; *Smith* v. *State* (1970), 255 Ind. 687, 260 N. E. 2d 558, 22 Ind. Dec. 197. With this in mind we observe from the evidence above recited that there was evidence from which the jury could properly determine that a burglary of the Metzger residence did in fact occur. This Court has held that although proof of breaking and entering standing alone is not sufficient to establish a burglary, the proof of intent to commit a felony may be inferred from the circumstances. *Kondrup* v. *State* (1968), 250 Ind. 320, 235 N. E. 2d 703, 14 Ind. Dec. 89. The evidence that the breaking occurred and that the guns were in fact taken from the residence was sufficient to support the jury's finding that a first degree burglary had occurred.

It is appellant's contention that the testimony of the accomplice Terry Hershberger was uncorroborated. We observe this is only partially true as above recited. The evidence of the burglary itself was established by the testimony of Metzger. Hershberger's testimony also covering the burglary was uncorroborated only to the extent that it identified the appellant as one of the participants. This Court has previously held that a conviction may be based upon the uncorroborated testimony of an accomplice. *Wells* v. *State* (1970), 254 Ind. 608, 261 N. E. 2d 865, 22 Ind. Dec. 573; *Shepherd* v. *State* (1970), 254 Ind. 404, 260 N. E. 2d 563, 22 Ind. Dec. 200.

The fact that the appellant presented several witnesses who testified that he was in his home at the time of the burglary does not bind the jury to this evidence. The jury has the opportunity to observe the witnesses on the stand and to hear their testimony. As above stated this Court will not invade the province of the jury and presume to pass upon conflicting evidence. We hold the evidence most favorable to the state in this cause supports the verdict of the jury.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 270 N. E. 2d 737.