GEORGE AIKINS *v.* STATE OF INDIANA.

[No. 170S1. Filed July 26, 1971. Rehearing denied September 20, 1971.]

*Palmer K. Ward,* of Indianapolis, for Appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for Appellee.

ARTERBURN, C.J.—This is an appeal from the Marion Criminal Court, Division 2, wherein the appellant was found guilty of entering to commit a felony and was sentenced to the Indiana Reformatory for not less than one [1] nor more than [10] years.

Testimony at the trial indicates that the home of Joe Osborne and Minnie Osborne, located at 1819 Woodlawn, Indianapolis, Indiana, was burglarized on October 29, 1967. When the Osbornes returned home from church on that date about 9:30 p.m., they found that their home had been broken into. Mr. Osborne's gun collection was taken along with other miscellaneous articles, including two suits of clothes and a brief case belonging to Mrs. Osborne. Representatives of the Indianapolis Police Department were summoned to the scene and they investigated the premises thoroughly. An attempt was made to detect any fingerprints left by the burglars, but this was not successful.

Appellant first contends that there is not sufficient evidence in the record to sustain the verdict of the jury in finding the appellant guilty of entering to commit a felony and that therefore the verdict is contrary to law. We note, however, that Joe L. Osborne testified that his house was locked when he left home on the evening of the burglary and that after the police came, it was discovered that the burglars had entered the house through a basement window and proceeded up the steps to the kitchen. Further, Gregory Allen Baker, an accomplice in the criminal cause, testified that he committed a criminal offense with the appellant and Leon Johnson as set forth in the indictment. He stated at the trial that they entered the house through the back door and got the guns, and then took them out the back door. When Gregory Baker was asked if he took anything else from the house, he replied that he had not taken anything else, but that George Aikins, the appellant, had a brief case of some kind that the witness believed was taken from the house. We find this to

be sufficient evidence to sustain the jury's verdict of guilty of the crime of entering to commit a felony. This Court has held in the past that the testimony of an accomplice alone may properly support a verdict of guilty in burglary cases. *Smith* v. *State* (1961), 241 Ind. 601, 174 N. E. 2d 47; *Tungate* v. *State* (1958), 238 Ind. 48, 147 N. E. 2d 232.

Appellant next alleges that the trial court erred in not admitting into evidence Defendant's Exhibit B, which was a statement given by witness Gregory Baker, under oath, that the appellant desired to use for impeachment purposes to show prior inconsistent statement by that witness. Where a witness is to be impeached, a proper foundation must first be laid. This is accomplished by bringing to the witness's attention the circumstances under which the contradictory statements were made. Furthermore, the witness must generally deny making the contradictory statements. In *Cox* v. *State* (1934), 206 Ind. 550, 552, 190 N. E. 427, 428, this Court stated: "And if the witness admits that he made the contradictory statements it is not competent to prove the statements by witnesses to whom they were made, or who overheard them." Similarly, in *Young* v. *State* (1923), 194 Ind. 345, 347, 141 N. E. 629, 630, we stated:

> "While it is true that a party is generally bound by the answer of a witness on cross-examination to a question relating solely to a collateral matter, yet it is also true that where a witness has been asked if at another time he made statements which if true, are contradictory of or render improbable his testimony on a material matter *and he answers in the negative* he may be contradicted, and this is so although the evidence which it is sought to impeach was brought out on cross-examination." [emphasis added]

Thus, we find no error in the refusal of the trial court to admit Defendant's Exhibit B into evidence inasmuch as the witness admitted that he had previously made the contradictory statements.

Lastly, appellant urges error in that the trial court gave preliminary and final instructions to the jury concerning the

674

lesser included offense of entering to commit a felony over his timely objections. Under Burns Indiana Stat. Anno. § 9-1805 (Fifth), the trial court, in charging the jury must state to them all matters of law which are necessary for their information in giving their verdict. Since Burns Indiana Stat. Ann. § 9-1816 stated that "Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense," and Burns Indiana Stat. Anno. § 9-1917 stated that "In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit," we find no error on this point. For the jury to perform their duties properly, they must be apprised of the lesser included offenses and the degree of offenses where the defendant so requests or where the judge deems it necessary.

The judgment of the trial court is therefore affirmed.

Givan, Prentice, DeBruler, Hunter, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 418.