VERNON DALE LAMB *v.* STATE OF INDIANA.

[No. 1070S240. Filed August 31, 1971.]

*Cecil A. Taylor,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—The record shows that the appellant, Vernon Lamb, was charged on June 20, 1968, with the crime of Commission of Robbery While Armed. Appellant entered a plea of not guilty. On July 21, 1969, appellant filed a notice of alibi, after three continuances on behalf of the appellant and one on behalf of the State, the State on January 23, 1970, filed an answer to the notice of alibi. The trial by jury was on April 20, 1970. The jury returned a verdict of guilty of the crime of Assault with Intent to Commit a Felony, to wit: Robbery. The judgment of the court sentenced the appellant to the Indiana State Prison for not less than one [1] nor more than ten [10] years and costs.

In the early evening on March 4, 1969, Mrs. Roberta McDonald and her mother, Mrs. Olive Mann, were eating their

evening meal in the living room of their home when the door-bell rang. Mrs. McDonald went to the door and found a man, who said he was a Fuller Brush salesman, standing outside the still closed screen door. He said that he had a brush for Mrs. McDonald but that she would have to open the door so that he could hand it to her. Mrs. McDonald opened the door, whereupon, the man accompanied by two others forced their way into the house. The men were wearing masks which partially covered their faces. They forced the two women into different rooms and searched the house. After about one-half hour the men left. It was later discovered that the men had taken twelve hundred [$1,200.] dollars which Mrs. McDonald and her mother planned to use to make a trip to California. Although the exact dates are not shown, the record shows that both Mrs. McDonald and her mother, on different occasions and not in the presence of each other identified photographs of the appellant as being one of the three who had robbed them. Both women made positive identifications even though the appellant was wearing a partial face mask at the time of the robbery. One of the women stated the mask slipped down and revealed the appellant's face. While on direct examination, Mrs. McDonald gave the following responses to questions asked by the Prosecuting Attorney, Mr. Carter.

"Q. Now what was he doing while you were in the bedroom there?

"A. He told me to sit on the bed and face the window and not to look at him.

"Q. Did you look at him in fact?

"A. Yes, I turned around two or three times and he demanded that I turn around, and he told me if I didn't stay that way I would be sorry."

\* \* \*

"Q. And how is it you recognize him so easily?

"A. Well, his nose and feet.

"Q. What about his feet that is remarkable as far as you are concerned?

"A. Well to me they just look too small for the frame of his body."

While on direct examination Mrs. McDonald's mother, Olive Mann, gave the following responses to questions asked by Mr. Carter.

"Q.  All right. Now did you at any time get a good look at the defendant's face?
"A.  I did, sir.
"Q.  And was it covered or . . .
"A.  When he was in the hallway.
"Q.  And was his face covered or uncovered at that time?
"A.  It was down, what he had here it was dropped down.
"Q.  Now as you look at this man here today is there any doubt in your mind that he is the one that you saw in the hallway on the date in question?
"A.  Not a doubt in my mind, sir."

To rebut the State's witnesses' identification of the appellant, as one of the men who had robbed them, the appellant had several alibi witnesses testify. With a brief description of the witnesses, they are as follows:

(1)  Mrs. Minnie Lamb, the appellant's mother, testified that the appellant was at her house in Muncie, Indiana, from 11:00 a.m. until 5:00 p.m. on March 14, 1969. The record shows that the robbery took place in Indianapolis at 6:30 or 7:30 p.m.

(2)  James Curtis Browser, a friend of the appellant for fourteen years, with whom the appellant was convicted for grand larceny in 1962, testified that on the day of the robbery, the appellant had come to his home in Muncie at about 5 p.m. and stayed there until about 10:00 p.m.

(3)  Fred Gulley, a friend of the appellant for about a year and one-half, testified that he was with the appellant at his brother-in-law's James Browser's home from 6:00 p.m. until 9:00 p.m., on the day of the robbery.

(4)  Majorie Pfeiffer, who at the time of the robbery was the appellant's girl friend, testified that she saw the appellant at James Browser's home at about 10:00 p.m.

(5)  Vernon Lamb, the appellant, twice convicted of grand larceny, also testified that he was in Muncie, Indiana, at the time of the robbery in Indianapolis.

It is most difficult to understand the theory upon which the appellant makes his appeal, as his contentions are so very ambiguous. In an attempt to summarize his contention of error the appellant made the following statement:

"It is not appellant's contention that this court should revaluate the wisdom of the trial judge or reweigh the evidence on the question of identification, but that the court apply the presumption of innocence rule to the equation of the testimony of acquisition (or identification) and the other persons denial to sustain the motion for directed verdict or discharge which is included as an assigned error of law in this appeal as well as the basis for the contention of insufficient evidence as a matter of law to sustain a verdict of guilty."

From this we can only glean a contention that the evidence was insufficient as to identity to sustain the verdict. In considering appellant's contention we must do so in light of the following rule. This Court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Davis* v. *State* (1971), 257 Ind. 46, 271 N. E. 2d 893; *Sharp* v. *State* (1970), 254 Ind. 435, 260 N. E. 2d 593; *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558; and *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. A conviction must be affirmed, if having applied the rule, there is evidence of probative value, from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. From the foregoing statement of facts relevant to this appeal, looking only to those most favorable to the state, we hold there was a sufficiency of the evidence.

Judgment of the trial court is affirmed.

All judges concur.

NOTE.—Reported in 272 N. E. 2d 454.