MICHAEL L. OWENS *v.* STATE OF INDIANA.

[No. 2-1072A77. Filed December 17, 1973.]

*Robert G. Hughes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

WHITE, J.—Defendant, aged seventeen years, was charged in the Juvenile Court of Marion County with being a delinquent child in that he had broken and entered the home of one George Moreland with intent to steal Moreland's property. Jurisdiction was waived to the Criminal Court of Marion County where he pleaded not guilty, waived a jury and was

convicted of first degree burglary after trial by the court and was sentenced to imprisonment for an indeterminate term of one to ten years under the Minor's statute.[1] The case is before us on a direct appeal pursuant to the overruling of a motion to correct errors grounded on (1) the denial of defendant's oral request for a continuance and (2) the allegation that the decision is not supported by sufficient evidence and is contrary to law.

## I.

When the case was called for trial on the date set, defendant's court appointed counsel announced that defendant was ready. After the witnesses were sworn he announced that "defendant now has changed his mind again and now asks me to move for a continuance for the reason his mother is not here." That motion was overruled but after the State had rested its case-in-chief the defendant was granted a continuance until 10:00 A.M. on a date one week later. When the case was called at that later date the defendant again asked for a continuance since defendant's mother was not present because she had been told by defendant's brother (defendant was in jail) that the trial was to resume at 2:00 P.M. Defendant's counsel stated that the mother's testimony would be that the state's witness (who had testified that he and defendant had committed the burglary charged) had come to defendant's house and asked him if he knew where he could sell a T.V. Defendant said he did not. The witness said he knew where he could get one and the witness and the defendant left the house. Arguing that such testimony would be inadmissible, the prosecutor refused to stipulate that it would be the evidence. The continuance was then denied. The defense then rested without presenting any evidence and the court thereupon found the defendant guilty of first degree burglary.

---

1. IC 1971, 35-8-3-1; Ind. Ann. Stat. § 9-1815 (Burns 1956 Repl.).

Though no such claim was made at the time either request for continuance was made, the motion to correct errors asserts that defendant needed his mother at trial for consultation and implies that because he was a minor under 18 years of age he had a right not to be tried without her. Neither his motion to correct errors nor his appeal brief attempt to point out how he was harmed because his mother did not testify, nor can we understand how the testimony she supposedly would have given would in any way have benefitted him had she testified. The brief refers to her as a "material witness", but it does not mention what facts she would have testified to. We went to the record for that and were thus convinced that she was not a *material* witness. Neither is there any showing that her presence as an advisor or counselor would have benefitted defendant.

There is no showing of abuse of discretion. On the contrary, it appears that the court gave defendant a greater opportunity to secure his mother's presence and testimony than was required. No excuse was ever offered for her not being present when the case was called for trial at the first setting.

## II.

Appellant's argument that the finding of guilt is not supported by sufficient evidence centers on the *weight* which should be given to the testimony of defendant's accomplice, a boy of approximately defendant's age, who had apparently been promised immunity. It is suggested that the testimony of an accomplice alone is insufficient to support a verdict. Indiana authority appears to be unanimously to the contrary. *Tungate* v. *State* (1958), 238 Ind. 48, 147 N.E.2d 232; *Smith* v. *State* (1961), 241 Ind. 601, 174 N.E.2d 47; *Aikins* v. *State* (1971), 256 Ind. 671, 271 N.E.2d 418.

We further note that the accomplice's testimony is corroborated. The householder whose dwelling was burglarized testified to the condition of the premises when he returned

home and inspected it. The circumstances disclosed by that testimony are sufficient to prove that a burglary was committed. The testimony of a police officer who talked with defendant in the juvenile office at police headquarters is sufficient to establish that defendant made an oral confession which was substantially the same as the accomplice's testimony.

Appellant contends, however, that the evidence of this confession renders the verdict contrary to law because defendant's rights were not explained to his parents before he signed a "Miranda" waiver and he was not afforded an opportunity to consult with his parents before the officer talked to him. The record, however, does not support that statement of reasons. Defendant's attorney asked preliminary questions of the officer when the signed waiver was offered as evidence at the trial. The officer's answers disclosed that the officer telephoned the parents and told them what was about to happen but that they did not come to headquarters. The attorney thereupon declined to object.

So far as the record discloses the defendant had a fair trial at which the evidence tending to prove his guilt was of such substance and probative value that there is no reason to disturb the guilty finding on which the judgment rests. It is therefore affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 304 N.E.2d 333.