CLARENCE CARTER *v.* STATE OF INDIANA.

[No. 2-1075A288. Filed August 31, 1976. Rehearing denied September 27, 1976. Transfer denied July 28, 1977.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

SULLIVAN, J.—Clarence Carter was convicted of robbery. The crime involved the holdup of a gasoline filling station attendant. Upon appeal Carter asserts the following errors:

(1) Misconduct by the trial court immediately preceding voir dire examination in that the court introduced the police officer who had signed the four charging affidavits[1] as "one of Anderson's finest policemen".

(2) Erroneous exclusion of evidence concerning an intimate personal relationship between two witnesses for the State.

(3) Error in giving an instruction with respect to aiding and abetting commission of a crime, in light of the prosecution's in-trial assertions that Carter was being prosecuted as an actual perpetrator of the crime.

---

1. The four affidavits charged Carter with (1) infliction of injury in commission of a felony; (2) armed robbery; (3) unlicensed possession of a firearm; and (4) pointing and aiming a firearm toward another person.

## I.

## INTRODUCTORY COMMENT TO JURY VENIRE BY TRIAL JUDGE NOT REVERSIBLE ERROR

Prior to the voir dire examination, but in the presence of all prospective jurors, the trial judge introduced the trial participants including police officer Jesse Bell, who was seated at counsel table with the prosecutor. In so doing, the court characterized Bell as "one of Anderson's finest policemen". Carter concedes that such remark standing alone, would not be error but he contends that in the light of subsequent repeated references by the prosecutor to the fact that Officer Bell had, under oath, sworn to the four charging affidavits, the trial court's comment was prejudicial.

The comment by the trial court must be considered in the context of other amenities spoken by the judge in introducing those present. He introduced Mr. Woolbert, defense counsel, as "one of our fine lawyers". He also introduced Mr. Lawler as the prosecutor and introducd the defendant as Mr. Carter. In that context we consider it very unlikely that the jury could construe the court's introduction of the police officer as an indication that the court thought the officer to be more credible than any other prospective witness. Officer Bell was entitled to be present and sit at counsel table. We have no doubt that his introduction was intended as, and heard as, a flattering amenity and nothing more. We would observe however, that trial courts would be better advised to avoid such characterizations.

Carter has also taken the prosecutor's references to Officer Bell's execution of the charging affidavits out of context. The prosecutor did not state, or imply, an opinion of Officer Bell's credibility nor did he, at that time, extemporize upon the officer's participation in the charging process. He simply read to the jury, although repeatedly, each of the four charging affidavits including the formal portions: "Jesse R. Bell having first been duly sworn upon his oath. . . ." and made reference

to the signature by Officer Bell on each affidavit. The thrust of this facet of the voir dire informed the jury of the charges against Carter. The prosecutor's repeated references to Officer Bell as the affiant was unnecessary and is not to be encouraged, but in the context of advising the jury of the charges, we fail to see that it caused the previous introductory remark by the trial court to prejudice Carter's cause in the minds of the jury. In any event, any remote possibility of prejudice was cured by the trial court's admonition to the jury as follows:

> "Ladies and gentlemen in making any general introduction —introductory remarks when introducing persons at the counsel table, the court had no intention-meaning the Judge. The court had no intention to endorse any person or influence the jury as to this cause, this case." See *Reinhold* v. *State* (1892), 130 Ind. 467, 30 N.E. 306.

## II.

## INADEQUATE FOUNDATION QUESTION UPON CROSS EXAMINATION PRECLUDES REVERSAL UPON EXCLUSION OF PRIOR INCONSISTENT STATE-MENT CONCERNING INTIMATE RELA-TIONSHIP BETWEEN TWO STATE WITNESSES

The robbery victim, Tom Zion, testified for the State, identifying Carter as the perpetrator of the crime.[2] Annie Davis also testified for the State identifying Carter as the man she had seen running away from the filling station after the robbery. Upon cross examination, the defense asked Annie Davis the following questions and received the following answers:

"Q. Do you know Gladys Woods?
A. Yes.
Q. Found her to be truthful?
A. Truthful to who?
Q. Is Gladys Woods a truthful person?

---

2. Shortly after the occurrence, Zion identified one B. Johnson as the robber. Johnson was arrested for the crime and was charged. Zion subsequently identified Carter as the robber.

A. Yeah.

Q. Is she a close friend of yours?

A. Yes.

Q. Do girls sometimes confide in a close lady friend about certain affairs they might have?

A. I don't.

Q. Did you ever talk to Gladys Woods about your relationship with Tom Zion?

A. Nope.

Q. Never have?

A. Nope.

Q. Was there a relationship between you and Thomas Zion that you haven't told the jury about?

A. Nope.

Q. By that I mean an affair?

A. Nope."

Thereafter, the defense attempted to question Gladys Woods for the purpose of contradicting Annie Davis' denials. The trial court excluded such evidence upon the ground that it was collateral to the issues in trial and that Annie Davis' denials upon cross examination were binding upon the defense. See *Fleenor* v. *State* (1928), 200 Ind. 165, 162 N.E. 234.

In argument to the trial court, defense counsel made an offer to prove as follows:

"We further make an offer to prove by this witness [Gladys Woods] that she personally knows Annie Davis and that Annie Davis has a relationship with Thomas Zion which she lied about to this jury. That a relationship with Thomas Zion, the alleged victim of an alleged crime is far more close and intimate than she would answer on cross examination and tell the jury. That the truth of the matter is she has a child by Thomas Zion. And that they have a very close relationship and she has a direct interest in the bearing of the outcome of this case."

Carter argues here that contradiction of Annie Davis' denial of having borne Zion's child was not collateral but rather was admissible as tending to show her bias and interest in supporting Zion's testimony. There is precedent to support Carter's

position in this regard. *Clark* v. *State* (1976), 264 Ind. 524, 348 N.E.2d 27.

Be that as it may, we need not draw fine distinctions between evidence which merely bears upon credibility and which is therefore collateral[3] and that which may show bias or prejudice, because in this case the foundation laid for admission of such evidence, regardless of its purpose, was inadequate.

Case law in Indiana has traditionally required that the foundation for admission of a prior inconsistent statement be laid by an exacting procedure which includes questions which are "specific as to time, place and other substantial matters involved. . . ." *Taylor* v. *State* (1967), 249 Ind. 238 at 241, 231 N.E.2d 507 at 508. Recently however, this court has acknowledged a relaxation of that rigid requirement. See *Duncan* v. *State* (1975), 166 Ind. App. 302, 335 N.E.2d 827. The retreat from rigidity is contained in *Gradison* v. *State* (1973), 260 Ind. 688 at 708-9, 300 N.E.2d 67 at 81 wherein our Supreme Court said:

> "We have held rather strictly to such formula in the past and today would accept, as a proper foundation, any question framed in such a manner as would adequately call the alleged utterance to the attention of the witness sufficiently to enable him to recollect the same, if recallable. The purpose of the foundation is to give warning to the witness to enable him to prepare to disprove it or to *explain it away, if admitted.*" (original emphasis) See also, *Aikins* v. *State* (1971), 256 Ind. 671, 271 N.E.2d 418 wherein the Supreme Court said:
>
> "Where a witness is to be impeached, a proper foundation

3. Carter relies upon *Wardlaw* v. *State* (1972) 259 Ind. 282, 286 N.E.2d 649 which held that defendant's denial of a continuing homosexual relationship with the homicide victim was properly contradicted by the testimony of an impeaching witness because "[t]he testimony went to the credibility of the defendant and to contradict him. . . ." 259 Ind. at 286, 286 N.E.2d at 651. Although the holding in *Wardlaw* did not turn upon such consideration, we note that the relationship between defendant and victim there, may be considered quite material and relevant to the issue of guilt and not a collateral issue. The relationship between the victim of a crime and a corroborating witness, as here, may be thus distinguished.

must first be laid. This is accomplished by bringing to the witness's attention the circumstances under which the contradictory statements were made." 256 Ind. at 673, 271 N.E.2d at 420.

The foundation question posed to Annie Davis is virtually identical to that asked in the *Gradison* case, *supra*. Such question does not meet even the relaxed foundation requirement contemplated by the *Gradison* test. The offered testimony of Gladys Woods was not, therefore, improperly excluded.

## III.

## INSTRUCTION AUTHORIZING CONVICTION IF DEFENDANT AIDED AND ABETTED COMMISSION OF THE CRIME WAS NOT ERROR DESPITE PROSECUTION TRIAL THEORY THAT DEFENDANT WAS PERPETRATOR OF THE CRIME

The court gave the following instruction tendered by the State:

"Every person who shall aid or abet in the commission of a felony or who shall counsel, encourage, hire, command or other procure a felony to be committed, may be charged by indictment or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

Carter, by counsel, objected as follows:

"I object to this instruction for the reason that it has no application to the law and the facts of this case . . . That this is a prejudicial instruction which would confuse the jury and prevent the defendant from having a fair and impartial trial. That there is no issue in this case as framed by the affidavit against the defendant and by the facts heard by the jury to show that any other person is charged or on trial in this cause other than the defendant, Clarence Carter and that this instruction pertains to a situation where another party is charged in the same offense, is charged in the same cause with the same offense but is an

accessory. Clarence Carter is charged in this cause as a principal and charged solely by himself as a principal and this would be inapplicable and causes nothing but confusion and prevents the defendant from having a fair and impartial trial and the jury understanding the issues."

It is well established that a defendant may be charged as a principal but convicted upon evidence that he aided in commission of the crime and that in such instance an instruction based upon the accessory statute (Ind. Ann. Stat. § 35-1-29-1) is proper. *Bays* v. *State* (1959), 240 Ind. 37, 159 N.E.2d 393; *Tyler* v. *State* (1973), 155 Ind. App. 252, 292 N.E.2d 630.

Upon appeal, however, Carter understandably alludes to certain in-trial representations by the prosecutor which, Carter asserts render the "accessory" instruction improper. During argument upon an in-trial motion the prosecutor made the following representations:

> "The court can see at this particular time the theory of the State's case is not that this is an accessory case because the theory of the State's case is as principal.
>
> \* \* \*
>
> "But we're not trying to cut out what happened as far as Robert Johnson is concerned during the period of this crime. We're not—or just before the crime took place—but we are trying to cut out what happened to Robert Johnson after that and I repeat this is not an accessory case. For this man is charged as principal. The only evidence in this case is that he's a principal.
>
> \* \* \*
>
> "I think from the evidence that's been presented to the court at this time at that time there was probably not sufficient facts as far as accessory was concerned. The fact that he was merely with this defendant is not sufficient to maybe try him and hold him to that particular charge, but this case is principal. The fact regarding the criminal record of Robert Johnson would not be relevant, would not be evidence in this cause in any manner that I can ever think of. Nor would any testimony as to the disposition of his case being that this the theory of the State's case is not that this is an accessory. This man is being tried as principal, not as accessory."

Notwithstanding the State's in-trial assertions that Carter had been charged and was being tried as actual perpetrator of the robbery, the instruction was appropriate in light of evidence adduced subsequently. A later witness for the State testified that she was present in an apartment after commission of the robbery and in the presence of Johnson and Carter, that she observed them counting money, and that she saw Carter hide a pistol under a mattress in the apartment. (The filling station attendant had testified that the robber had held him up with a pistol or revolver and had taken a sum of money from his person.) Upon cross examination defense counsel himself read into evidence a prior statement given by this witness in which she stated that Johnson, while in the presence of Carter, said, "Damn I thought we were going to get more money than that". In light of this evidence it was appropriate for the State to call for and receive an instruction concerning aiding and abetting the commission of a felony.

Even assuming that the trial court erroneously gave the "accessory" instruction we do not perceive that it could have misled the jury. There was adequate evidence of record that Carter himself was in fact the perpetrator of the robbery. *Hestand* v. *State* (1971), 257 Ind. 91, 273 N.E.2d 282.

The judgment of the trial court is hereby affirmed.

Buchanan, P.J., concurs; Hoffman, J., sitting by designation, concurs.

Note.—Reported at 353 N.E.2d 495.